358 So.2d 121 (1978)
Charles Ermon HAMM et Ux., et al., Appellants,
v.
CITY OF MILTON, Florida, et al., Appellees.
No. GG-75.
District Court of Appeal of Florida, First District.
May 4, 1978.
*122 O.E. Adams, Sr., Pensacola, for appellant.
Jeffrey A. Cramer of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Pensacola, for appellees.
ERVIN, Judge.
Mrs. Hamm, while operating an automobile, collided with a truck owned by the City of Milton, resulting in personal injuries. She brought suit for the injuries she sustained, and her husband, who was not an occupant of the car at the time of the collision, sued for damages resulting from medical expenses incurred and loss of his wife's services. Prior to trial, the City's insurer advanced Mrs. Hamm $2,686.64 for lost wages, medical expenses and maid services. The jury awarded the wife $8,500 and the husband $1,000. It further found the negligence of the City was 85% responsible and the negligence of the wife 15% responsible for the injuries sustained. The lower court's judgment reduced the verdicts in favor of the husband and wife by 15% for the negligence attributed to the wife so that she received $7,225 and the husband $850. Their recovery was further reduced by the amount previously advanced.
Appellants first argue that the court erred in allowing the payments advanced to be set off from the verdicts since payment was not raised as an affirmative defense. Fla.R.Civ.P. 1.110(d) requires that payment must be so pled or else is deemed waived.
The question whether payment before trial to an injured party must be pled by the defendant as an affirmative defense so that the amount may be set off against the jury verdict apparently has not been considered before in our state. However, authorities from other states indicate such payment is not properly an affirmative defense. The payment made does not become a charge against the injured parties until a settlement is reached or a judgment rendered. Had there been no settlement or jury verdict, Mrs. Hamm would not have to account for the $2,686.64 paid to her. Also, to force the insurer to plead payment may improperly interject the fact of insurance into the case. See Section 627.7262, Florida Statutes (1977). Finally, should the jury become aware of partial payment by an insurer, it could have the effect of an admission of liability. Compare Edwards v. Passarelli Bros. Automotive Service, Inc., 8 Ohio St.2d 6, 221 N.E.2d 708 (1966); Boles v. Steel, 48 Ala.App. 268, 264 So.2d 191 (1972), cert. quashed 288 Ala. 732, 264 So.2d 194; Byrd v. Stuart, 224 Tenn. 46, 450 S.W.2d 11 (1969).
As explained in Stuyvesant Insurance Co. v. Bournazian, 342 So.2d 471 (Fla. 1977), the term "set off" used in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973) was obviously applied in a non-technical sense. In this sense, set off is applicable when equity compels the payment of a debt by one who in justice, equity and good conscience ought to pay it. 80 C.J.S. Set-Off and Counterclaim § 3 (1953). Certainly it is inequitable to allow plaintiffs to receive double recovery *123 for medical expenses, lost wages and maid services which unjustly enrich the plaintiff at the expense of the defendant.
The Hamms additionally claim that the court erred in reducing the husband's damages by the percentage of comparative negligence of the wife. We reject this point. The husband's claim for damages was entirely a derivative claim. Prior to the adoption of comparative negligence, under the rule of contributory negligence, a husband's derivative claim was barred once proof established any degree of negligence in the wife. Resmondo v. International Builders of Florida, Inc., 265 So.2d 72 (Fla. 1st DCA 1972). Applying the reasoning of Resmondo to the situation here, it is only logical that the comparative negligence of an injured spouse also be applied to reduce an award to a noninjured spouse for his derivative claim.
The judgment is affirmed.
BOYER, Acting C.J., and MILLS, J., concur.