828 P.2d 966

**Alfred R. WALCK, Petitioner–Appellee,**

v.

**CITY OF ALBUQUERQUE, et al., Respondents–Appellants.**

No. 11736.

Court of Appeals of New Mexico.

Jan. 17, 1992.

Ira Bolnick, Fitzpatrick & Bolnick, Albuquerque, for petitioner-appellee.

David S. Campbell, City Atty., Jeffrey J. Dempsey, John H. Lewis, Asst. City Attys. Albuquerque, for respondents-appellants.

OPINION

FLORES, Judge.

Respondents, City of Albuquerque (City) and the City of Albuquerque Personnel Board (personnel board), appeal the district court's reversal of the personnel board's decision to uphold the termination of Petitioner Alfred R. Walck (Walck), an officer of the Albuquerque Police Department (APD). We address two contentions: (1) that the personnel board's conclusion that Walck engaged in conduct unbecoming an officer is supported by substantial evidence; and (2) that the personnel board's conclusion that Walck engaged in untruthfulness is supported by substantial evidence. We affirm the district court.

FACTS

On January 20, 1986, at 5:30 a.m., Walck, an off-duty APD officer, drove his personal vehicle to a Rio Rancho home owned by Dennis South (South). Walck observed his wife, Belinda Walck, opening the garage door and preparing to drive to work in her vehicle. Walck testified that he drove his vehicle into the driveway behind his wife's vehicle and, not anticipating how fast he was driving, struck his wife's vehicle in the rear with his own vehicle. As he was shifting into park to exit the vehicle, Walck testified he shifted into reverse and as he shifted back into drive, he struck his wife's vehicle again. Walck testified he finally shifted into park, placed his gun on his belt and waited for the police to arrive. When two Rio Rancho public safety officers arrived, Walck identified himself as an APD officer and handed over his gun to the officers. The Rio Rancho officers then took statements from the parties. South filed a criminal complaint against Walck with the Rio Rancho Police Department as well as a complaint with APD.

Mrs. Walck testified that her husband intentionally struck her vehicle several times, causing her car to move forward and damage some of South's appliances which were located in the garage. Mrs. Walck further testified that her husband kicked her once in the groin area and called her names. Walck denied intentionally striking his wife's vehicle or kicking her.

On April 8, 1986, following an internal affairs investigation, Walck's employment was terminated for violation of two Standard Operating Procedures of the APD, specifically Section 1-19-2, conduct unbecoming an officer, and Section 1-19-31, failure to answer truthfully. Walck filed a grievance contesting his termination with the personnel board. Following a hearing, the personnel board upheld Walck's termination. Walck appealed to the district court. The district court partially remanded the case to the personnel board to determine whether a member of the board should have recused himself from hearing the grievance and participating in the personnel board's first decision. After a rehearing, the personnel board determined that the member should have recused himself. The district court then remanded the case to hear two witnesses the board had previously refused to hear and to determine whether Section 1-19-31 applied to

the investigation of Walck. On the second remand, the board again upheld the termination of Walck. On motion to reopen and writ of certiorari, the district court reversed the decision of the personnel board with directions to reinstate Walck with full retroactive back pay and benefits to April 8, 1986. Respondents appeal.

## STANDARD OF REVIEW

Appellate review of an administrative agency decision is "limited to determining whether the agency acted within the scope of its authority, whether the order was supported by substantial evidence, whether the decision was made fraudulently, arbitrarily or capriciously, and whether there was an abuse of discretion or show of bias by the agency." *In re Mountain Bell*, 109 N.M. 504, 505, 787 P.2d 423, 424 (1990). In order to make this determination, we employ the whole record standard of review. *See id.*

## CITY ORDINANCE

A city employee may be terminated for just cause pursuant to Section 2–9–24A of the Albuquerque Merit System Ordinance, which states that "[t]he Chief Administrative Officer or a department head may * * * dismiss any employee * * * for any justifiable cause * * *." Respondents argue that they had just cause to terminate Walck's employment as an officer of the APD for violation of the two Standard Operating Procedures, namely, Section 1–19–2, conduct unbecoming an officer and Section 1–19–31, failure to answer truthfully. We will address each alleged violation separately.

## CONDUCT UNBECOMING AN OFFICER

Walck was terminated for violation of Standard Operating Procedure Section 1–19–2 which provides that all police officers "[s]hall conduct themselves both on and off duty in such a manner as to reflect most favorable [sic] on the Department. Conduct unbecoming an officer or employee shall include that which brings the Department into disrepute or impairs the operation or efficiency of the Department." The district court held that the personnel board's conclusion that Walck's conduct was unbecoming an officer was incorrect

as a matter of law and was unsupported by substantial evidence. The district court concluded that although conduct unbecoming an officer may occur on or off-duty, it must relate to the reputation, efficiency or operations of the police department, and Walck's conduct did not so relate to the department. In addition, the district court held that the personnel board's conclusion that Walck's conduct reflected unfavorably on the police department was incorrect as a matter of law and there was no evidence in the record that the department was or reasonably could have been brought into disrepute.

Respondents argue that the undisputed facts that Walck trespassed onto private property and struck his wife's vehicle with his own vehicle should be sufficient to constitute conduct unbecoming an officer, as a matter of law. Respondents rely, in part, on two Pennsylvania cases to support their argument that Walck's conduct constituted conduct unbecoming an officer. In *Faust v. Police Civil Service Commission*, 22 Pa.Cmwlth. 123, 347 A.2d 765 (1975), the court upheld a police officer's termination for committing adultery while off-duty which the court held constituted immorality and conduct unbecoming an officer pursuant to Section 1190(4) of The Borough Code, 53 P.S. Section 46190(4). The code states that "[n]o person employed in any police or fire force of any borough shall be suspended, removed or reduced in rank except for * * * [i]nefficiency, neglect, intemperance, immorality, disobedience of orders, or conduct unbecoming an officer." Although the code does not define conduct unbecoming an officer, the court relied on prior interpretation of the wording of the statute and stated that conduct unbecoming an officer included any conduct which adversely affected the morale or efficiency of the bureau or "any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services." *Id.* 347 A.2d at 768. In addition, the court stated that police officers are held to a higher standard than other citizens, including other public employees, because of the compel-

ling interest in sustaining public respect for police officers, and may be fired for off-duty conduct that, although not criminal, offends publicly accepted standards of decency.

Respondents also rely on *Fabio v. Civil Service Commission*, 489 Pa. 309, 414 A.2d 82 (1980), where the court upheld a police officer's termination for adultery, which constituted conduct unbecoming an officer pursuant to Article I, Section 1.75 of the Philadelphia Police Duty Manual. Section 1.75 defines conduct unbecoming a police officer as "repeated violations of departmental rules and regulations, or any other course of conduct indicating that a member has little or no regard for his responsibility as a member of the Police Department." *Id.* 414 A.2d at 87. The court relied on prior interpretation of conduct unbecoming an officer which included "any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services." *Id.* 414 A.2d at 86.

These Pennsylvania cases, as well as other cases outside of our jurisdiction relied upon by respondents, uphold the termination of police officers for conduct unbecoming an officer pursuant to regulations or statutes. However, the language of those regulations and statutes are distinguishable from Section 1–19–2. Section 1–19–2 defines conduct unbecoming an officer to include conduct which actually brings the department into disrepute or which impairs the operation or efficiency of the department. Although some jurisdictions have defined conduct unbecoming an officer to include conduct which *tends* to destroy public respect or *tends* to bring the department into disrepute, the personnel board did not rely on such a construction in this case. The board stated "[Walck's] conduct on January 20, 1986, reflected unfavorably on the Albuquerque Police Department." We will not address whether Section 1–19–2 can be interpreted as encompassing conduct which *tends* to bring the department into disrepute when that interpretation has not been relied upon by the personnel board.

There is not substantial evidence in the record to support a finding that Walck's conduct actually reflected unfavorably on the department. Therefore, we agree with the district court's conclusion that the administrative board's termination of Walck was unsupported by substantial evidence and incorrect as a matter of law.

■ Respondents further argue that the personnel board's finding that Walck pleaded no contest to the charge of criminal damage to property in district court supports the proposition that the officer was terminated for just cause. However, the district court found that there was not substantial evidence in the record to support the board's finding that Walck pleaded no contest to these charges in district court. Upon our review of the record, we do not believe there is substantial evidence to support the board's finding that Walck pleaded no contest and, therefore, we do not address whether a no contest plea would support a termination for just cause.

## UNTRUTHFULNESS

■ Walck was also terminated for violation of APD Standard Operating Procedure Section 1–19–31. Section 1–19–31 states that all police officers "[s]hall truthfully answer all questions specifically directed and narrowly related to the scope of employment and operations of the Department which may be asked of them."

Sergeant Weiland (Weiland) of APD Internal Affairs testified that he investigated the complaint filed with APD by South against Walck and that he interviewed Walck, Mrs. Walck, South, Mrs. South, and two Rio Rancho public safety officers in connection with the January 20, 1986 incident. Based on his investigation, Weiland identified possible charges of conduct unbecoming an officer and failure to answer truthfully. The district court found that questions asked, and conclusions reached, by internal affairs were not specifically directed and narrowly related to the scope of employment and operations of the department. The district court held that the personnel board improperly considered and applied Section 1–19–31; that there was

insufficient evidence to conclude that Walck had violated Section 1–19–31; and that the personnel board's conclusion that Walck had violated Section 1–19–31 was incorrect as a matter of law.

We agree that Walck's termination cannot be sustained on the basis of Section 1–19–31. Our reason is that the personnel board failed to comply with the district court's directive to determine whether that section applies to this case. A summary of the pertinent parts of the record is necessary to explain our result.

The first decision of the personnel board was dated August 4, 1986. One conclusion in that decision was: "Officer Walck did not respond to questions regarding the incident investigation with the high degree of integrity and honesty required of APD officers." The only finding in that decision that related to Walck's responses to the incident investigation is a finding that Weiland concluded that Walck had been untruthful. The board's second decision was issued on August 5, 1987. That decision related only to whether a member of the board should have recused himself at the first hearing.

On December 4, 1987, the district court reversed the personnel board's order upholding Walck's termination and remanded the case to the board for a new hearing on all issues. In the opinion explaining its reversal, the court wrote:

> [A]ll that the Personnel Board found was that [Walck] confronted his ex-wife; drove his car behind his ex-wife's car and struck it; told Rio Rancho Security Officers that he had finally caught his wife sleeping around; and surrendered his service revolver to the officers * * *. Significantly, there are no findings that [Walck] kicked his ex-wife intentionally, struck her car, or brandished his revolver * * *.
>
> The Court's decision on matters discussed above necessarily undermines the Board's conclusion that [Walck] did not answer questions regarding the incident in an honest manner. On remand, the Board is directed to specifically review the ap[p]licability of Section 1–19–31 of APD Standard Operating Procedures which states that an officer '[s]hall truth-

fully answer all questions *specifically directed and narrowly related to the scope of employment and operations of the Department* * * *'" (emphasis added), and to specifically review whether the regulation applies to the incident involved herein as a matter of law."

After rehearing the matter on June 30, 1988, the board issued its decision on September 29, 1988. Although the introduction to the decision notes that the court had directed the board "to determine whether or not Section 1–9–31 * * * is applicable to this case as a matter of law," none of the findings address the issue and the only conclusions that could be pertinent are:

1. Findings of Fact as determined on August 5, 1987, are upheld.

   \*      \*      \*      \*      \*      \*

3. No new facts were presented to the City Personnel Board to deviate from its earlier conclusions as submitted on August 5, 1987.

The August 5, 1987, decision, however, related only to the disqualification of a member of the board; it said nothing concerning the conduct of Walck. Moreover, even if we assume that the references to August 5, 1987, were intended to refer to the earlier decision of August 4, 1986, the district court's 1987 opinion had informed the board that its earlier findings would not sustain a conclusion that Walck failed to honestly answer questions regarding the incident. In this circumstance, the board's failure to modify or expand upon its 1986 findings must be interpreted as a concurrence with the district court's opinion that Section 1–19–31 did not apply to Walck's conduct. Therefore, we cannot sustain Walck's termination pursuant to Section 1–19–31.

*CONCLUSION*

The judgment of the district court is affirmed.

IT IS SO ORDERED.

HARTZ and CHAVEZ, JJ., concur.