834 P.2d 433

**W.T. WASHINGTON, a/k/a Tony Washington, Plaintiff–Appellant,**

v.

**The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Defendant–Appellee.**

No. 11897.

Court of Appeals of New Mexico.

June 17, 1992.

Phillip Baca, Toulouse & Associates, P.A., Albuquerque, for plaintiff-appellant.

J. Douglas Foster, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for defendant-appellee.

## OPINION

PICKARD, Judge.

Plaintiff successfully sued defendant pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. Sections 51 to 60 (1989), for injuries sustained during the course of his employment with the Atchison, Topeka and Santa Fe Railway Company. The jury found defendant to be eight percent at fault and plaintiff ninety-two percent at fault, and it awarded plaintiff $263,444.75 in damages in a general verdict

that the trial court reduced by ninety-two percent to account for plaintiff's comparative negligence. The trial court then entered a judgment on the verdict for $21,075.58. Approximately two months after judgment was entered, defendant filed its "Motion for Leave to Deposit Balance Due on Judgment with Court Registry," which sought to offset the amount due on the judgment by payments made to plaintiff during the pendency of the suit. As a result of his on-the-job injuries, plaintiff had previously received $5500 in benefits from the Railroad Retirement Board and $8473.09 in supplemental sickness benefits pursuant to the collective bargaining agreement that was between defendant and union members such as plaintiff and which was in effect at the time of plaintiff's injury. Defendant provided evidence that it had reimbursed the Railroad Retirement Board in the amount of $5500 and that the collective bargaining agreement specifically provided for an offset of benefits paid under the plan in the event of recovery for lost wages by an employee against the railroad. After reviewing briefs filed by the parties and holding a hearing on the matter, the trial court ruled that defendant was entitled to the requested set-off.

■ Plaintiff appeals, contending that the set-off was erroneous because (1) defendant waived its set-off claim by failing to raise it as an affirmative defense or by motion prior to the jury's verdict; (2) defendant's post-trial motion was untimely and improper under the New Mexico District Court Rules of Civil Procedure; and (3) defendant waived its set-off claim by failing to submit to the trial court the entire collective bargaining agreement, which may have revealed other portions of the agreement conflicting with the portion relied on by defendant. A fourth issue raised in the docketing statement but not briefed is deemed abandoned. *See State v. Fish*, 102 N.M. 775, 701 P.2d 374 (Ct.App. 1985). We affirm.

■ The question of whether defendant's set-off claims are barred for failure to plead them as an affirmative defense under SCRA 1986, 1–008(C) is a question of first impression in New Mexico. Prior cases from this and other jurisdictions, however, provide some governing principles, with which we begin our analysis.

■ "An affirmative defense ordinarily refers to a state of facts provable by defendant that will bar plaintiff's recovery once a right to recover is established." *Beyale v. Arizona Pub. Serv. Co.*, 105 N.M. 112, 114, 729 P.2d 1366, 1368 (Ct.App.1986). It is up to the defendant to plead and prove such a defense. *Id.* In *Beyale*, we recognized that the point of pleadings is to give notice to the opposing party of the claims being made. *Id.* at 115, 729 P.2d at 1369. In this case, however, defendant's action did not seek to bar plaintiff's right to recovery. To the contrary, defendant's action was premised in part on its acceptance of plaintiff's right to recover under the judgment, albeit subject to subsequent set-offs. For this reason, and the reasons which follow, we determine that defendant's claims were not an affirmative defense and therefore were not barred by defendant's failure to raise them as such.

The function of a set-off is "to achieve equity and justice by adjusting in one suit all conflicting claims between parties that [are] readily susceptible to an expedient and final resolution." *Sunwest Bank v. Miller's Performance Warehouse, Inc.*, 112 N.M. 492, 494, 816 P.2d 1114, 1116 (1991). In the workers' compensation context, we have previously noted the general distaste courts have for allowing double recovery, and we have approved a "fundamental fairness" approach, in which an employer's prejudgment payment contributions are acknowledged by equitable set-off at the time of judgment. *See Carter v. Mountain Bell*, 105 N.M. 17, 23, 727 P.2d 956, 962 (Ct.App.1986).

Defendant's set-off claim for $5500 was premised upon 45 U.S.C. Section 362(*o*) (1989), as implemented by 20 C.F.R. Section 341.3 (1991). These sections create a statutory lien for reimbursement of benefits paid by the Railroad Retirement Board to an employee in the event that the employee sues and recovers any sum for damages based on the employer's liability.

The set-off claim for $8473.09 was based on a provision in the collective bargaining agreement stating that benefits paid under the plan are not intended to duplicate recovery for lost wages and that, therefore, such benefits "will be offset against any right of recovery for loss of wages the employee may have against the employing railroad." *See* 45 U.S.C. § 55. *Compare Perry v. Metro–North Commuter R.R.*, 716 F.Supp. 61 (D.Conn.1989) (no set-off evidence permitted where defendant railroad failed to show that bargaining agreement contained express language allowing set-off or failed to make factual showing that on-the-job injury payments had been treated as subject to set-off), *with Burlington N. R.R. v. Strong*, 907 F.2d 707 (7th Cir.1990) (set-off for supplemental sickness benefits proper where language in benefits-plan agreement provided for set-off); *see also Folkestad v. Burlington N., Inc.*, 813 F.2d 1377 (9th Cir.1987) (set-off proper because it was provided for in collective bargaining agreement); *Brice v. National R.R. Passenger Corp.*, 664 F.Supp. 220 (D.Md.1987) (employer entitled to set-off under language of collective bargaining agreement). The agreement provides further that "a recovery which does not specify the matters covered thereby shall be deemed to include a recovery for loss of wages to the extent of any actual wage loss due to the disability involved."

█ Plaintiff does not take issue on appeal with defendant's substantive right to reimbursement under these provisions. He objects only to the way defendant sought to have the reimbursements implemented procedurally. We recognize that plaintiff has alleged prejudice as a result of defendant's post-judgment motion in that plaintiff claims in his brief that the lateness of the motion deprived him of the opportunity to have the jury make specific allocations in its verdict for pain and suffering, medical expenses, and lost wages. The first time plaintiff raised this claim was in a written pleading filed after the post-judgment hearing held July 26, 1989, in this case. At the hearing, the trial court indicated that it would rule in defendant's favor, contingent on review of the pertinent provisions of the collective bargaining agreement. Plaintiff was a union member subject to those provisions. As such, it appears that as a factual matter, plaintiff was on notice that a general jury verdict would be subject to a set-off under the specific terms of the agreement. As a legal matter, plaintiff's assertion of prejudice was too late procedurally to preserve the issue for review. *See Thompson Drilling, Inc. v. Romig*, 105 N.M. 701, 703, 736 P.2d 979, 981 (1987) (right to object to improper verdict is waived when not made at the time of return of verdict and cannot be revived by resort to motion for new trial). We further note that plaintiff does not claim on appeal that he was in fact unaware of defendant's rights to reimbursement under the federal statute and the collective bargaining agreement. For these reasons, we do not find plaintiff's complaint of prejudice persuasive.

In asking this court to reverse, plaintiff relies heavily upon *Chicago Great Western Railway v. Peeler*, 140 F.2d 865 (8th Cir. 1944), which involved a claim for damages under the FELA. The question in *Peeler* was whether the trial court improperly precluded the railroad from cross-examining the plaintiff regarding receipt of pension payments in order to show mitigation of damages because the railroad had not raised the issue as an affirmative defense. The Eighth Circuit affirmed, reasoning that "a set-off is a partial or entire defense to an action for damages," which must be affirmatively pleaded. *Id.* at 868.

We believe that the reasoning in *Peeler* is sufficiently countered by the more recent case of *Hassan v. United States Postal Service*, 842 F.2d 260 (11th Cir.1988), also cited by plaintiff. The *Hassan* case involved a suit for personal injury resulting from a collision between plaintiff's car and a postal service jeep. The trial court awarded damages to the plaintiff but deducted a set-off in favor of the postal service due to collateral payments received by the plaintiff. The plaintiff contended that the trial court's set-off was erroneous because of the postal service's failure to plead the claim as an affirmative defense.

*Id.* at 262. The Eleventh Circuit agreed that the claim was an affirmative defense, subject to Federal Rule of Civil Procedure 8(c), *id.* at 263, which is similar to our Rule 1–008(C). Nevertheless, the Eleventh Circuit upheld the set-off. The court reasoned that the purpose of the rule is to give notice of issues to be litigated so that an opposing party can properly prepare, and, since the plaintiff had not shown unfair surprise or prejudice under the circumstances of the case, the set-off was proper.

We find the case of *Hamm v. City of Milton,* 358 So.2d 121 (Fla.Dist.Ct.App. 1978), most persuasive on this point. *See also Howard v. Abernathy,* 751 S.W.2d 432 (Tenn.Ct.App.1988). In *Hamm,* the plaintiffs contended, as here, that defendants had waived the right to a set-off by failing to raise the claim as an affirmative defense. On appeal, the Florida appellate court affirmed the set-off, stating:

> [A]uthorities from other states indicate such payment is not properly an affirmative defense. The payment made does not become a charge against the injured parties until a settlement is reached or a judgment rendered. Had there been no settlement or jury verdict, [plaintiff] would not have to account for the $2,686.64 paid to her. Also, to force the insurer to plead payment may improperly interject the fact of insurance into the case. Finally, should the jury become aware of partial payment by an insurer, it could have the effect of an admission of liability. [Citations omitted.]

*Hamm,* 358 So.2d at 122.

We conclude, as did the court in *Hamm,* that defendant's claim was properly raised as a postverdict motion and it need not have been presented as an affirmative defense. *See also Strong,* 907 F.2d at 710–12. *Cf. Charley v. Rico Motor Co.,* 82 N.M. 290, 293, 480 P.2d 404, 407 (Ct.App. 1971) (set-off for repair bill was proper even though it was not presented by appellees as counterclaim where appellants were in fact indebted to appellees for such amount and were aware that the bill was in issue and the matter was fully litigated before trial court).

■ Defendant was clearly entitled to reimbursement in the amount of $5500, the amount it repaid to the Retirement Board for sums advanced to plaintiff. *See* 45 U.S.C. § 362(*o* ); 20 C.F.R. § 341.3. Under the collective bargaining agreement, defendant was also entitled to reimbursement for sickness benefits up to the amount plaintiff was awarded in lost wages. Since the jury's award to plaintiff was a general one, the concluding sentence in the applicable paragraph of the collective bargaining agreement comes into play: "[A] recovery which does not specify the matters covered thereby shall be deemed to include a recovery for loss of wages to the extent of any actual wage loss due to the disability involved." Here, because plaintiff claimed lost wages in the amount of $150,000 to $255,000, the trial court correctly granted defendant a set-off of $8473.09—the amount paid to plaintiff in sickness benefits. To hold otherwise would permit the unjust enrichment of plaintiff at defendant's expense and would violate the policy considerations counseling against disclosure of insurance and partial payment of a claim, *see Hamm,* 358 So.2d at 122–23, and it could conceivably have an undesirable chilling effect on the employer's willingness to award voluntary prejudgment payments, *see Carter,* 105 N.M. at 23, 727 P.2d at 962.

■ We further hold that defendant's motion was appropriate and timely under SCRA 1986, 1–060(B), which enables a party to obtain relief from a judgment when circumstances warrant it. The New Mexico Supreme Court has directed courts to "be liberal in determining what constitutes good cause to vacate a judgment so that the ultimate result will address the true merits and substantial justice will be done." *Phelps Dodge Corp. v. Guerra,* 92 N.M. 47, 51, 582 P.2d 819, 823 (1978); *accord Foundation Reserve Ins. Co. v. Martin,* 79 N.M. 737, 449 P.2d 339 (Ct.App. 1968). The trial court's decision on a Rule 1–060(B) motion is discretionary and will not be disturbed absent an abuse of that discretion. *Phelps,* 92 N.M. at 51, 582 P.2d at 823. In *Phelps,* the supreme court up-

held the trial court's interpretation of a judgment entered approximately seven months earlier and its subsequent dismissal of a second workman's compensation claim pursuant to its interpretation of the earlier judgment under Rule 1–060(B). In doing so, the court specifically found that "[t]he manner in which the relief is requested and the nomenclature used is not significant," and that "the interest of maintaining the finality of judgments is overridden" where evidence has been produced to show that the plaintiff has been paid all that he was entitled to receive. *Id.* at 50–51, 582 P.2d at 822–23.

The reasoning of *Phelps* is persuasive here. The fact that defendant in this case did not specifically invoke Rule 1–060(B) in its motion is immaterial under *Phelps*. Defendant produced evidence that plaintiff in this case had already been paid $13,973.09 prior to verdict. *Phelps* makes clear that unwarranted windfalls are to be avoided. Defendant's motion was filed approximately two months after judgment, a reasonable amount of time under the circumstances of this case. *See Home Sav. & Loan Ass'n v. Esquire Homes, Inc.,* 87 N.M. 1, 2, 528 P.2d 645, 646 (1974) (what constitutes a reasonable time under Rule 1–060(B) depends on the circumstances of each case).

We note that defendant attempted to tender a check in the amount of $7102.49 (verdict amount less defendant's reimbursements) a few days after judgment was entered, but, as of the date defendant filed its motion, plaintiff apparently had not notified defendant of his response to the tender. Our prior New Mexico cases did not establish a procedure for obtaining proper credit for the payments at issue here. *See Howard,* 751 S.W.2d at 435 (court will not penalize defendant for fol-lowing a procedure (postjudgment motion) for which no previous published authority existed). The unfairness of double recovery is apparent from our cases. *See Phelps,* 92 N.M. at 51, 582 P.2d at 823; *Carter,* 105 N.M. at 23, 727 P.2d at 962. Under the facts of this case, we find that defendant's motion was timely and that no abuse of discretion occurred.

■ Plaintiff's remaining issue concerning a conflict in the evidence on the issue of defendant's right to reimbursement under the collective bargaining agreement is without merit. Plaintiff provides no citation to authority to support his claim that contradictory evidence requires reversal. Issues unsupported by cited authority ordinarily will not be considered on appeal. *Wilburn v. Stewart,* 110 N.M. 268, 794 P.2d 1197 (1990). In any case, the fact that the record reveals some evidentiary conflicts does not require a different result. Appellate courts construe all disputed facts in favor of the successful party and disregard all evidence and inferences to the contrary. *Haaland v. Baltzley,* 110 N.M. 585, 798 P.2d 186 (1990). Defendant submitted sufficient relevant portions of the collective bargaining agreement to enable the trial court to determine that defendant was entitled to the set-off.

Accordingly, we affirm the judgment of the trial court.

IT IS SO ORDERED.

APODACA and FLORES, JJ., concur.