875 P.2d 407

**Alfred R. WALCK, Petitioner–Appellant,**

v.

**CITY OF ALBUQUERQUE, et al., Respondents–Appellees.**

**No. 14363.**

Court of Appeals of New Mexico.

April 18, 1994.

Certiorari Denied May 24, 1994.

Dennis R. Francish, Albuquerque, for petitioner-appellant.

David S. Campbell, City Atty., Judy K. Kelley, Asst. City Atty., Albuquerque, for respondents-appellees.

## OPINION

APODACA, Judge.

Alfred R. Walck (Petitioner) appeals the trial court's order denying his claim for certain benefits, interest on the judgment, and attorney fees and costs. The order was entered after remand from this Court ordering Petitioner's reinstatement as a police officer with the Albuquerque Police Department (APD) with full retroactive pay and benefits. *See Walck v. City of Albuquerque,* 113 N.M. 533, 828 P.2d 966 (Ct.App.1992) (*Walck I*). Petitioner argues the trial court erred in: (1) offsetting Petitioner's back pay by wages earned during his termination (interim wages); (2) failing to award Petitioner all retroactive benefits to which he claims he was entitled; (3) failing to award Petitioner his costs and attorney fees; and (4) failing to award Petitioner interest on the judgment. Petitioner also argues that the trial court's refusal to recuse itself was reversible error. Issues listed in the docketing statement but not argued on appeal are deemed abandoned. *State v. Fish,* 102 N.M. 775, 777, 701 P.2d 374, 376 (Ct.App.), *cert. denied,* 102 N.M. 734, 700 P.2d 197 (1985).

Only the first issue raised by Plaintiff concerning the offset of his back pay award merits publication. For the reasons stated in both the published and unpublished portions of this opinion, we affirm the trial court's decision on all issues.

## BACKGROUND

In *Walck I,* this Court affirmed the trial court's judgment ordering the City of Albuquerque's (City) Personnel Board to reinstate Petitioner "with full retroactive back pay and benefits to April 8, 1986." *Walck,* 113 N.M. at 535, 828 P.2d at 968. Although Petitioner was reinstated as a police officer, the City and Petitioner were not able to agree on what constituted "full retroactive back pay and benefits." As a result, Petitioner sought enforcement of the judgment. After a hearing, the trial court ordered the City to pay Petitioner $210,835.14 in back pay, offset by an attorney's charging lien in the amount of $15,698.78; by interim wages of $45,042.40; and by payroll deductions for federal and state income tax, FICA, retirement, and other deductions required by law. The trial court also ordered the City to contribute to Petitioner's retirement fund an amount equivalent to that which would have been contributed if he had not been terminated. The trial court denied Petitioner's requests for accumulated vacation time, accumulated sick leave, holiday pay premiums, a new patrol car and limited personal use of that car, safe driver premiums, a promotion, academic incentive pay, prepaid legal insurance, value of medical and dental insurance, interest on the judgment, attorney fees, and costs.

## DISCUSSION

■ Petitioner contends that the trial court erred by offsetting his back pay award by his interim wages because (1) the offset was contrary to the law of the case; (2) the offset violated established precedent; and (3) the City failed to plead offset as an affirmative defense. Initially, we address the City's contention that Petitioner waived arguments (1) and (2) by not including them in his docketing statement. We disagree with this contention. Once a case is assigned to the general calendar, this Court may address issues and evidence not included in the docketing statement. *See State v. Salgado,* 112 N.M. 537, 538, 817 P.2d 730, 731 (Ct.App.

1991). We therefore address all of Petitioner's arguments.

■ Relying on the doctrine of the law of the case, Petitioner argues that, by deducting his interim wages from his award of back pay, the trial court failed to comply with this Court's mandate to reinstate Petitioner with "full" retroactive back pay. On remand, the trial court's jurisdiction over an issue is limited by the appellate court's opinion and mandate. *Normand ex rel. Normand v. Ray*, 109 N.M. 403, 408–09, 785 P.2d 743, 748–49 (1990). Although this Court's mandate may have instructed the trial court to award Petitioner "full retroactive back pay and benefits," this language did not require the trial court to award Petitioner everything to which he claimed to be entitled. Rather, Petitioner had to adequately prove his damages. *See Ulibarri v. Homestake Mining Co.*, 112 N.M. 389, 395, 815 P.2d 1179, 1185 (Ct.App.1991) (party alleging the affirmative of an issue bears the burden of proving that issue). As discussed below, it was necessary for the trial court to consider the offset of Petitioner's interim wages to determine what constituted "full" back pay. We therefore believe the trial court's decision was consistent with the mandate.

■ Petitioner also contends the offset was erroneous because the City failed to plead mitigation of damages as an affirmative defense. *See Board of Educ. v. Jennings*, 102 N.M. 762, 764, 701 P.2d 361, 363 (1985). We are not persuaded that the City was required to plead offset as an affirmative defense. *Jennings* stated that:

> As a general proposition, the measure of damages to which a wrongfully discharged employee is entitled is the amount due during the remainder of the term of the contract, reduced by any income [that] the employee has earned, will earn, *or which, by the exercise of reasonable diligence, he could have earned* during the unexpired term. *This rule encompasses the duty to mitigate damages* ....

*Id.* (emphasis added) (citations omitted). *Jennings* further noted that the burden of proof is on the contract breaker, *id.*, and held that the party who breached the contract had met its burden by eliciting evidence of the

employee's interim wages in the employee's deposition. *Id.* at 764–65, 701 P.2d at 363–64. *Jennings* did not hold that offset must be pled or waived.

More recently, this Court held that a defendant's claim for a set-off for sickness benefits paid to the plaintiff was properly raised in a post-verdict motion and need not have been raised as an affirmative defense. *Washington v. Atchison, Topeka & Santa Fe Ry.*, 114 N.M. 56, 60, 834 P.2d 433, 437 (Ct.App.1992). In light of the rationale for allowing an offset (to avoid a plaintiff's "unjust enrichment," *id.*, or prevent the wrongfully discharged employee from "the windfall of receiving both incomes[,]" *Jennings*, 102 N.M. at 766, 701 P.2d at 365, we conclude that the City was not required to plead offset as an affirmative defense. *See Washington*, 114 N.M. at 60, 834 P.2d at 437.

■ There is substantial authority holding that back pay upon reinstatement of a wrongfully discharged public employee is reduced by the income earned by that employee while discharged. *See Jennings*, 102 N.M. at 764, 701 P.2d at 363; *see also Barnes v. Bosley*, 828 F.2d 1253, 1258–59 (8th Cir.1987); *Lowe v. California Resources Agency*, 1 Cal.App.4th 1140, 2 Cal.Rptr.2d 558, 560 n. 3 (Ct.App.1991) (defining "back pay"); *Lanes v. State Auditor's Office*, 797 P.2d 764, 767 (Colo.Ct.App.), *cert. denied*, (Oct. 9, 1990); 4 Eugene McQuillin, *The Law of Municipal Corporations* § 12.186 at 68 (3d ed. 1992, Charles R.P. Keating & J. Jeffrey Reinholtz); 63A Am.Jur.2d *Public Officers and Employees* § 297 (1984). Petitioner counters by arguing that he was a municipal officer (rather than a public employee) and was thus entitled to *"full* back pay" without the deduction of interim wages. *See McQuillin*, § 12.186 at 68. We agree with Petitioner that a determination of whether his back pay should have been reduced by his interim wages depends on whether he was a public officer or an employee.

Based on our discussion below, however, we determine that Petitioner was a public employee and not a public officer. NMSA 1978, Section 41–4–3(D) and (E)(2) (Repl. Pamp.1989), and NMSA 1978, Section 29–7–

7(F) (Repl.Pamp.1990), define the terms "police officer" and "law enforcement officer" as a "public employee." Recently, in *Serrano v. State, Dep't of Alcoholic Beverage Control*, 113 N.M. 444, 827 P.2d 159 (Ct.App.1992), this Court held that an employee of the Department of Alcoholic Beverage control was a "police officer" as defined by Section 29-7-7(F). *Id.* at 446, 827 P.2d at 161.

Additionally, the distinguishing feature of a public officer is whether the position is vested with sovereign power. *See Pollack v. Montoya*, 55 N.M. 390, 392, 234 P.2d 336, 337–38 (1951); *State ex rel. Stratton v. Roswell Indep. Schs.*, 111 N.M. 495, 505, 806 P.2d 1085, 1095 (Ct.App.1991); *Lacy v. Silva*, 84 N.M. 43, 45, 499 P.2d 361, 363 (Ct.App.), *cert. denied*, 84 N.M. 37, 499 P.2d 355 (1972). In *Lacy*, the district director of the Bureau of Revenue was held not to have been vested with sovereign power because the district director was under the control of the commissioner of the Bureau of Revenue, was not autonomous, and was not independent. *Lacy*, 84 N.M. at 45, 499 P.2d at 363. Similarly, a police officer is under the control of the chief of police, is not autonomous, and is not independent. We thus conclude that a police officer is not vested with sovereign power and, absent such power, is considered a public employee.

In light of this conclusion, a setoff for interim wages was appropriate and in accordance with the general rule we previously noted. This result is equitable because, if we were to exclude Petitioner's interim wages from any setoff, he would be in a better position than if he had not been terminated. *See Jennings*, 102 N.M. at 765, 701 P.2d at 364 (wrongfully terminated employee is entitled to the amount of damages that will make him whole and is not entitled to any windfall); *see also Lanes v. O'Brien*, 746 P.2d 1366, 1373 (Colo.Ct.App.), *cert. denied*, (Nov. 30, 1987). Consequently, we hold that the trial court correctly offset Petitioner's back pay award with his interim wages.

## CONCLUSION

We hold that: (a) the trial court properly offset Petitioner's back pay with his interim wages; (b) Petitioner failed to prove he was entitled to certain benefits and therefore the trial court properly refused to award them; (c) the trial court was not required to recuse itself; and (d) Petitioner was not entitled to an award of costs, attorney fees, or interest on the judgment. We therefore affirm the trial court.

**IT IS SO ORDERED.**

DONNELLY and BIVINS, JJ., concur.