Freeman, J.,
delivered the opinion of the Court.
Lowry sued Hawes, declaring on three promissory notes; one for $700; another for $500 given to Lowry; the third, a smaller note assigned to plaintiff.
Defendant pleaded that he did not owe the debt, and then for a special plea, that as to the two larger notes, there ' was no consideration; that they were given as a sham arrangement between the parties, and not to be enforced as debts, under the following circumstances: That in 1864, Lowry had a lot of salt and tobacco in Greene county, and desired defendant to haul it, either to Knoxville, or in that direction, and dispose of it on the terms recited in *689 the plea, and the notes were given to be used in the event the defendant should be captured by Federal soldiers, to show the property was defendant’s, lie-being known as a Union man, and if the property was captured by the Confederates, then plaintiff being a Confederate in sentiment, hoped to be aide to recover the property from soldiers of that party, himself.
In addition to this plea, defendant pleaded by way of set-off that plaintiff was indebted to him in the sum of $300, due by contract made by plaintiff with him when he undertook to haul the salt and tobacco, to the effect that as defendant was unwilling to take the risks of loss of his wagon, team and harness from capture. by rebel soldiers, the plaintiff promised and agreed that if defendant’s wagon, team and harness were captured and taken from him by rebel soldiers, going or returning on said trip, he would pay for the same. He then alleges that on his attempting to return home on said trip, his wagon worth $125, one mule worth $150, and two sets of harness worth $25 per set, were captured, and asks that the value of said property, be allowed him as a set-off against plaintiff’s demand.
On the trial, the jury found for the defendant, disallowing,- they say, the two larger notes given in reference to the salt and tobacco transactions, but allowed the debt due on the small note, the correctness of which was not contested. On the plea of set-off, they find for defendant, and that plaintiff is indebted to him for the wagon, mule and harness mentioned in the pleadings, the sum of $325, upon which find *690 ing a judgment was properly entered for the balance found due defendant, after allowing the amount found for plaintiff.
Plaintiff moved for a new trial, and filed reasons in arrest of judgment, both of which were overruled, and he appealed in error to this court.
It is conceded that under the rules of this court, the finding, as to want of consideration, is not reversible. It is insisted, however with some earnestness, that the finding in favor of defendant on the plea of set-off, cannot be sustained because the price or value of the wagon, mule and harness was not fixed or agreed on by the parties, and that the amount was uncertain, and the claim could only be allowed against the notes-given for the tobacco and _ salt, as the amount claimed is insisted to be damages arising out of this transaction, nowise connected with the smaller note.
The case of Balinger v. Gordon, 11 Hum., 61, is cited in support of this position. In that case, the suit was on a note, and defendant claimed a set-off, the value' of a wagon which the plaintiff had agreed to deliver to him, but no price or value had been agreed on for the wagon, nor was any time fixed for its delivery, but demand had been made and delivery refused.- This court held that this claim could not be allowed, on the ground that the claim was one sounding purely in damages, and that debt or indebt-itatus assumpsit would not lie for breach of the contract. Whether this case is placed by the court in its reasoning, on grounds precisely accurate, we need not discuss. It was a clear case; for recovery of *691 damages, strictly for breach of contract for delivery of the -wagon.
In the case of Moore v. Weir and Smith, executors, 3 Sneed, 47, it was held that the statute did not apply except.in cases of mutual debts; that is, to claims in the nature of a debt reduced or reducible to a certain or specific pecuniary amount, and recoverable in action ex contractu, as assumpsit debt or covenant. The court cites from the case of Martin v. McAlister, 2 Yer. R., 111, the principle “that though the plaintiff’s demand be unliquidated, it is not less a debt in the sense of the statute if it may be ascertained by the action of debt or indebtitatus assumpsit. The court therefore held that an action on a note promising to pay sixteen hundred and sixty pounds of merchantable bar iron, was such a debt, as that a set-off might .be pleaded to and allowed, and that the case might be one of “mutual debts” under our statutes. of set-off, and the same rule applies as a matter of course to the matter sought to be used as a set-off, as it must be in the nature of- a debt, in order to mutuality, as well as the matter of suit on part of the plaintiff.
The court says in this case, that the “law prescribes a definite rule by which the amount of such money demand shall be ascertained, namely the market value of the specific article at the time and place of the delivery thereof.” Applying the principle of that case, to the present, we think the matter on which the defendant relied was a debt recoverable in an action ex contractu, and might properly be set-off *692 against the demand of the plaintiff, whether it arose-out of the very transaction on which plaintiff sued or not. It was the promise to pay the value of specified articles on the happening of a certain contingency, which is found by the jury to have happened, and the amount of such money demand is-prescribed by a definite rule of law,/to be the market value of the wagon, mule and harness at the time of' the capture or loss.
We therefore hold his honor was correct in his-, view ofi the question. As to the objection, that the proof does not sustain the finding of the jury as to the loss of the wagon and harness, we think that it is not well taken, the testimony of the witness-being, that “at Morristown the rebels run in on him,”' and he says, “took my team, and all I had but my clothes,” and then adds, “my wagon was worth $135 or $140, mule $200, harness worth $30.” We think this, in connection with the other facts of the case,, warranted the jury in finding the loss of all the-articles mentioned.
We need not notice other questions presented, as we do not think they could change the conclusion already arrived at. These being the only questions seriously pressed on us by counsel in the case..
Let the judgment be affirmed.