CRAWFORD E. BYRD, Appellant,

*v.*

VIRGINIA J. STUART et al., Appellees.

450 S.W.2d 11.

(*Knoxville*, September Term, 1969.)

Opinion filed December 30, 1969.

J. E. Pearman, Harriman, for appellant.

Walter L. Fuller, Jr., Oak Ridge, for appellees.

Mr. Special Justice C. Howard Bozeman delivered the opinion of the Court.

The case is before the Court on appeal from an order of the court of Law and Equity, Equity Division, Anderson County, granting appellees' motion to dismiss appellant's bill.

Appellant Byrd was the owner and operator of an automobile involved in an accident with an automobile owned by appellee, Bernard J. Stuart, and driven by appellee, Virginia J. Stuart.

Following this accident, a representative of appellant's automobile liability insurance carrier, acting as appellant's agent, gave to appellees an insurance company draft in the amount of $1,040.00. In return, appellee, Virginia J. Stuart, executed an instrument called a "Receipt for Expense Advanced," which acknowledged payment of the above amount, and contained the statement that "This amount is to be credited to any final settlement or to the amount payable under our policy for any judgment which you may obtain as a result of your accident. * * *" The draft was made payable to both the appellees, and later was endorsed and negotiated by both. This is a growing practice of insurance carriers and is known as advance payment.

No compromise settlement was ever reached in the case, and appellees brought suit against the appellant in the Law and Equity Court, Law Division, Anderson County.

The cases were tried before a jury, and verdicts were returned in favor of both appellees, in the amounts of $3,000.00 and $6,000.00 respectively for Bernard Stuart and Virginia Stuart.

Subsequent to the jury verdicts, appellant, through his attorney, requested that appellees allow credit on the judgments for the amount of the advancement; this request was refused.

Appellant thereupon filed the original bill in this suit in the Equity Division of the same court in which the lawsuits had been tried. The bill, after alleging the facts as set out above, continued as follows:

"Unless the defendants, Virginia J. Stuart and Bernard J. Stuart, are enjoined from so doing, they will, as

soon as the judgments are entered and made final, request the Clerk of the Court to issue execution and the Sheriff of the County will levy upon the property of the complainant, the full amount of the judgments without any credit for the advancement made by the complainant through his agent. To permit the defendants, Virginia J. Stuart and Bernard J. Stuart, to collect twice the One Thousand Forty ($1,040.00) Dollars would be grossly unfair and inequitable.

"The complainant will tender to the Clerk of the Law and Equity Court, Law Division, the total sum of the jury verdicts of Nine Thousand, ($9,000.00) Dollars, less the One Thousand, Forty ($1,040.00) Dollars heretofore advanced, as soon as judgments on the verdicts have been entered."

Appellant then prayed for an injunction prohibiting execution on the judgments and that upon hearing the sum tendered the clerk be held a complete satisfaction of the judgments, with the injunctive relief being made permanent. The effect of this prayer would be to enjoin the appellees from collecting the part of this judgment represented by the advance payment.

Appellees then filed a motion, in the nature of a demurrer, to dismiss the cause on the grounds:

(1) That there is a lack of equity upon the face of the bill.

(2) That the complainant has an adequate remedy at law.

(3) That the complainant states no grounds upon which an injunction should issue; that the injunctive relief sought is the full purpose of the Bill.

(4) That the Bill shows upon its face that the matter in controversy arose out of a case in the Law Division of this Court and that the matter could have been resolved in said cause in the Law Division.

This motion was sustained by the court below, and from that ruling an appeal to this court was prayed for and granted.

Appellant contends on this appeal that the lower court erred in granting the motion to dismiss on any of the grounds presented by appellees. We agree, and find no other ground upon which the ruling of the trial court should be sustained.

In substance, appellant has sought by his bill to enjoin execution on a judgment which has been fully satisfied. Such an injunction will be granted in Chancery Court. Gibson's Suits in Chancery, sec. 861, Vol. 2 at 64. To allow execution in such a case would, as contended by appellant, manifestly be an injustice.

As to appellant's remedies at law, it is first of all clear that appellant had no rights in the proceedings at law to assert a set-off, recoupment or counterclaim under T.C.A. sec. 20-1001; such a procedure is available only when the debt or demand relied upon "existed at the time of commencement of the plaintiff's suit." *Brazelton v. Brooks,* 39 Tenn. 194, 196 (1858). It is clear that under the facts as set out in appellant's bill in this case, he had no rights against the appellees with respect to the advancement unless and until a final settlement was made or a judgment obtained against him.

Appellees insist that a claim of equitable set-off is no ground for an injunction staying proceedings at law

unless the insolvency of the judgment creditor be directly alleged. With this we have no quarrel, but that is not the case before us. Appellant seeks to have no claim against appellee ''set off'' against appellee's judgment; rather, he insists that that very judgment has been fully paid, and prays that appellees be restrained from collecting more.

■ Appellees also insist that courts of equity will not use injunctions to review proceedings in other courts, and that no injunction against a judgment at law is proper unless the applicant shows that he had a valid legal defense to the suit, that he was prevented from making the defense by the plaintiff's fraud, or by some surprise, accident or mistake, and that there was no negligence or other fault on his part. With this, also, we do not disagree, but it has no application here. Appellant in no way seeks to review the proceedings of the law court, nor does he seek to enjoin the judgment of that court. He fully accepts the validity of the proceedings and judgment, and insists only that appellees be prohibited from collecting a portion of that judgment twice.

■ It is true that appellant could, if execution were allowed on the full amount of the judgment, then bring a suit at law seeking to recover the amount paid in advance on the judgment. Appellees contend that this gives appellant a full and adequate remedy at law. Considering appellees' position in this case, in attempting, so far as the pleadings show, to collect from the appellant money which they know full well they have already received, we cannot in equity and good conscience allow them to object to jurisdiction on this ground.

Appellees argue with more persuasiveness that this matter should have been resolved in the law division of

the trial court, and suggest that he should have moved for a remittitur to accomplish this result. Remittitur, as expressed by statute in T.C.A. sec. 27-118, involves a motion to reduce an excessive verdict; again appellant had no quarrel with the jury's verdict, and had no right to claim his partial satisfaction of judgment until judgment had been entered on the verdicts.

Appellant's position in the trial court, then, was simply that he had no right to claim a credit against the judgment until that judgment was entered against him, and at that time, of course, his property would become subject to execution. Appellant took what was apparently his only course to avoid double payment of the judgment by bringing this suit in equity.

While we have not heretofore considered the procedure of obtaining proper credit for advance payments of judgments, we are not, however, convinced that appellant was without a means of relief in the law division of the trial court. In this we have been greatly persuaded by the authority of what so far as we are aware is the only reported case dealing with the procedure of obtaining proper credit for advance payment of judgments. That case was *Edwards v. Passarelli Bros. Automotive Service, Inc.*, 8 Ohio St.2d. 6, 37 Ohio O.2d 298, 221 N.E.2d 708, 25 A.L.R.3d 1087 (1966).

The facts in that case were substantially identical to those in the instant case. There, the defendant, *after judgment* against him in the trial court, asked by motion for a credit toward satisfaction of the judgment. The Ohio Supreme Court, after noting that the defendant had no right to assert, in connection with the advance payment, until after judgment, and that furthermore a prev-

ious introduction of the advancement into the cause would insert "extraneous insurance matters [which] would interfere with the trial and rules of evidence," held that a post judgment motion such as made by the defendant was the proper procedure for obtaining credit for the advancement. There apparently is no specific statute in Ohio on post judgment motions of this nature and there is no statute in Tennessee.

Certainly there can be no doubt that the procedure approved in Ohio is much to be preferred to the use of a separate action in equity to accomplish the same result.

So far as we are aware, such post judgment motions are unknown in the practice and procedure of this state. We strongly feel, however, that matters such as this should be resolved in the suit at law. We conceive of no reason why, after the jury has returned its verdict and been discharged, and any motions for new trial and remittitur or additur have been disposed of, the defendant could not move the court to accept proof of the advance payment. Should the trial judge then find the advancement to have been made, he could incorporate the partial satisfaction in his judgment.

Nowhere in the record of this cause is it shown that appellant ever attempted to claim his partial satisfaction of judgment in the law division. Under the facts of this case we are not inclined to say that this deprives appellant of his relief in equity.

The decree of the lower court is set aside, and the case remanded for proceedings not inconsistent with this opinion. Costs are assessed against appellees.

DYER, CHIEF JUSTICE, and CRESON and McCANLESS. JUSTICES, concur.

ERBY L. JENKINS, SPECIAL JUSTICE, not participating.