**George HOWARD, Plaintiff–Appellee,**

v.

**Mark A. ABERNATHY,
Defendant–Appellant.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

March 18, 1988.

Petition to Rehear Denied by
Supreme Court May 23, 1988.

Fred C. Dance, Nashville, for plaintiff-appellee.

William C. Moody, Nashville, for defendant-appellant.

## OPINION

TODD, Presiding Judge.

The defendant, Mark A. Abernathy, has appealed from an order overruling his post judgment motion to reduce the amount of judgment by the amount of medical expenses paid by defendant's insurer to plaintiff, which expenses were proven by plaintiff and presumably included in the verdict of the jury.

The facts are uncontroverted. Plaintiff was injured in a collision for which defendant has been found liable. Prior to the filing of suit, defendant's liability insurer paid to plaintiff $1407.00, the amount of the medical bill for treatment of plaintiff's injuries. Plaintiff included the same bill in proof of medical expense. The jury was not informed that defendant's insurer had paid the $1407.00, and a verdict was returned in favor of plaintiff for $7,500.00.

The Trial Judge overruled defendant's motion for credit upon or reduction of the judgment to the extent of the $1407.00.

On appeal, the only issue is whether defendant is entitled to said credit or reduction.

In *Byrd v. Stuart*, 224 Tenn. 46, 450 S.W.2d 11 (1969), there was an accident involving a vehicle owned by Byrd in which accident Mrs. Stuart was injured. Byrd's insurer paid Mr. and Mrs. Stuart $1040.00 for which they executed a "Receipt for Expenses Advanced" which instrument also stated:

This amount is to be credited to any final settlement or to the amount payable under one policy for any judgment which you may obtain as a result of your accident.

Afterward, suit was filed by both Mr. and Mrs. Stuart and judgments were rendered in favor of each.

Subsequently, Byrd requested the trial court for credit on the judgments for the $1040 advancement, and the request was refused.

Thereafter, defendant filed a suit in equity stating the facts, tendering the sum of the two judgments minus the advancement and seeking an injunction to restrain the Stuarts from enforcing the full amount of their judgments. The Trial Court sustained a motion to dismiss. The Supreme Court held:

(1) In substance, appellant has sought by his bill to enjoin execution on a judgment which has been fully satisfied. Such an injunction will be granted in Chancery Court. Gibson's Suits in Chancery, sec. 861, Vol. 2 at 64. To allow execution in such a case would, as contended by appellant, manifestly be an injustice.

. . . .

While we have not heretofore considered the procedure of obtaining proper credit for advance payments of judgments, we are not, however, convinced that appellant was without a means of relief in the law division of the trial court. In this we have been greatly persuaded by the authority of what so far as we are aware is the only reported case dealing with the procedure of obtaining proper credit for advance payment of judgments. That case was *Edwards v. Passarelli Bros. Automotive Services, Inc.*, 8 Ohio St.2d 6, 37 Ohio O.2d 298, 221 N.E.2d 708, 25 A.L.R.3d 1087 (1966).

. . . .

(6) So far as we are aware, such post judgment motions are unknown in the practice and procedure of this state. We strongly feel, however, that matters such as this should be resolved in the suit at law. We conceive of no reason why,

after the jury has returned its verdict and been discharged, and any motions for new trial and remittitur or additur have been disposed of, the defendant could not move the court to accept proof of the advance payment. Should the trial judge then find the advancement to have been made, he could incorporate the partial satisfaction in his judgment.

(7) Nowhere in the record of this cause is it shown that appellant ever attempted to claim his partial satisfaction of judgment in the law division. Under the facts of this case we are not inclined to say that this deprives appellant of his relief in equity.

The decree of the lower court is set aside, and the case remanded for proceedings not inconsistent with this opinion.

To the same effect is *Edwards v. Passarelli Bros. Automotive Service, Inc.*, 8 Ohio St.2d 6, 37 O.2d 298, 221 N.E.2d 708, 25 A.R.L.3d 1087.

Both *Byrd* and *Edwards*, supra, involved a receipt signed by the plaintiff in which plaintiff agreed that the amount received should be credited upon any settlement ultimately made for plaintiff's injuries, whereas no such express agreement appears in the present record. No authority is found in which there was no express agreement for credit as in the present case. However, the circumstances of the payment imply an agreement for a pro tanto mitigation of the damages to be recovered by plaintiff, so that no decisive difference exists between the facts of the present case and those of the cited authorities.

Plaintiff insists that the cited authorities were rendered inapplicable by the subsequent promulgation of Rule 8.03 T.R.C.P. which requires a party to set forth in his defensive pleading any matter constituting an avoidance or affirmative defense, and Rule 13 requiring that any claim of a pleader against an opposing party shall be stated as a counterclaim.

Plaintiff asserts that the credit claimed by defendant is in the nature of recoupment which must be included in a defensive plea.

■ Recoupment is the right of a defendant to have a deduction from the amount of plaintiff's damages for the reason that the plaintiff has not complied with the cross obligations or independent covenants arising under the same contrast. Black's Law Dictionary, Fourth Edition, p. 1439; *Hoover Commercial Co. v. Humphrey*, 107 Miss. 810, 66 So. 214 (1914).

■ Recoupment differs from set off in this respect: that any claim or demand the defendant may have against the plaintiff may be used as a set off, while it is not a subject of recoupment unless it grows out of the very same transaction which furnishes the plaintiff's cause of action. *Dexter–Portland Cement Co. v. Acme Supply Co.*, 147 Va. 758, 133 S.E. 788 (1926); *Lovett v. Lovett*, 93 Fla. 611, 112 So. 768 (1927).

■ Recoupment is the right to set off unliquidated damages while the right of set off comprehends only liquidated damages or those capable of being ascertained by calculation. *Alley v. Bessemer Gas Engine Co.*, Tex.Civ.App. 228 S.W. 963 (1921).

■ This Court does not conceive that the defendant ever had a claim against plaintiff for the payment made to plaintiff by defendant's insurer. That is, there is no showing of any obligation of plaintiff to pay to defendant the amount paid by the insurer. Moreover, under the definition of recoupment, stated above, the term is applicable only to contract actions in which the suing party has also violated some term of the contract.

Plaintiff's argument about recoupment is without merit.

■ Plaintiff next insists that the payment by the insurer represented a set-off, but this Court does not agree. A set-off must be a valid claim for which the defendant might have sued the plaintiff and recovered. Defendant had no such claim.

The $1407 received by him from defendant's insurer was not a loan or any other transaction creating an obligation on the part of plaintiff. The money received by plaintiff was an advance payment or partial

satisfaction of the claim of the plaintiff. T.R.C.P. Rule 8.03, cited by plaintiff contains a reference to payment as an affirmative defense which must be specifically pleaded. However, the circumstances of the case excuse the defendant from pleading or proving partial payment by his insurer, which was not a defense as to liability, but a mitigation in event of liability.

■ Evidence that a defendant is protected by liability insurance from the liability asserted against him is incompetent and inadmissible. *Walker v. Decora, Inc.,* 225 Tenn. 504, 471 S.W.2d 778 (1971); *Williams v. Town of Morristown,* 32 Tenn. App. 274, 222 S.W.2d 607 (1949); 88 C.J.S. Trial § 53 p. 140. Since the plaintiff is generally forbidden to inject liability insurance into the consideration of a tort suit, it would be manifestly unfair to force the defendant to do the same to his own detriment in order to obtain a fair computation of the damages to be paid by him.

Federal Rule of Evidence Rule 409 provides:

Evidence of furnishing or offering or promising to pay medical, hospital or similar expenses occasioned by an injury is not admissible to prove liability for the injury.

Rule 409 of Proposed Tennessee Rules of Evidence published in 739 S.W.2d is identical with the quoted Federal Rule.

The foregoing is in conformity with the generally accepted common law rule. McCormick on Evidence, Third Edition, § 275, p. 818; *Hughes v. Anchor Enterprises,* 245 N.C. 131, 95 S.E.2d 577 (1956). An annotation to the same effect is found in 20 A.L.R.2d 293, citing authorities from seventeen jurisdictions.

*Meegal v. Memphis Street R. Co.* 34 Tenn.App. 403, 238 S.W.2d 519 (1950) holds that it is not error for the trial court to instruct the jury that such evidence is not to be considered, but an instruction is not deemed a justification for admitting or forcing the introduction of the evidence only to instruct the jury to ignore it and hope that the instruction is obeyed.

The humanitarian practice of making advance payments to or for injured parties is to be commended and encouraged. However, the present case is an example of the complications resulting from such payments. The plaintiff is entitled to offer evidence of the extent of his injuries, including the nature and extent of treatment required. Such evidence naturally implies medical expenses which would ordinarily be a part of plaintiff's damages. If plaintiff in fairness should offer to show that all or part of the medical expenses were paid by or on behalf of the defendant, such evidence should be excluded because it would imply to the jury an admission of fault.

If, on the other hand, as in the present case, plaintiff proves medical expenses without mitigating them by payments by or on behalf of defendant, defendant has no alternatives except to prove payment to his own prejudice or to withhold such proof and lose credit for his voluntary payments, thereby being forced to pay the same expense twice.

One attractive and practical method of dealing with such a paradoxical situation would be a pre-trial motion to the Trial Court for an order protecting the rights of both parties. Such an order might properly permit the plaintiff to prove the amount of the medical expense paid by defendant on condition that plaintiff agree in advance that the amount of such payment be allowed as a credit upon any judgment rendered.

Such procedure was not followed in the present case, but this Court sees no reason to penalize the defendant for following a procedure for which no published authority existed. Accordingly, in order to do justice, a means must be found whereby defendant may have credit for the payment.

In *Byrd v. Stuart,* supra, our Supreme Court said:

We conceive of no reason why, after the jury has returned its verdict and been discharged, and any motions for remittitur or additur have been disposed of, the defendant could not move the court to accept proof of the advance payment. Should the trial judge then find

the advancement to have been made, he could incorporate the partial satisfaction in his judgment.

This Court conceives of no valid reason why the foregoing should not be controlling in the present case despite the lack of an express agreement for credit and the subsequent adoption of T.R.C.P. Rule 8.03.

If a post-judgment payment had not been credited upon the judgment, the defendant certainly would have a right to an order allowing the credit. No reason occurs to this Court why credit should not likewise be allowed for a pre-judgment payment. The action of the Trial Judge is before this Court for review de novo. This Court is therefore in position to and should take the action which should have been taken by the Trial Judge.

The action of the Trial Judge disallowing the credit is reversed. The judgment is reduced from $7500.00 to $6093.00. Costs of this appeal are taxed against appellee. The cause is remanded for further proceedings consistent with this opinion.

Reversed, rendered, remanded.

LEWIS and KOCH, JJ., concur.