WILLIAM W. MILLSAPS and wife,       )
MARTHA MILLSAPS,                     )
                                    )
        Plaintiffs/Appellants,       )
                                    )       Appeal No.
                                    )       01-A-01-9704-CH-00160
VS.                                 )
                                    )       Marion Chancery
                                    )       No. 5477
ROBERTSON-VAUGHN                     )
CONSTRUCTION COMPANY, INC.,          )
                                    )
        Defendant/Appellee.          )

FILED

November 25, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CHANCERY COURT OF MARION COUNTY
AT JASPER, TENNESSEE

THE HONORABLE JEFFREY STEWART, CHANCELLOR


ROBERT L. HUSKEY
514 Hillsboro Boulevard
Manchester, Tennessee 37355
        Attorney for Plaintiffs/Appellants

BEN P. LYNCH
107 First Avenue, N.E.
P. O. Box 310
Winchester, Tennessee 37398
        Attorney for Defendant/Appellee


AFFIRMED IN PART; REVERSED IN PART;
MODIFIED AND REMANDED


BEN H. CANTRELL, JUDGE


CONCUR:
TODD, P.J., M.S.
KOCH, J.


# O P I N I O N

This is an action to enforce an arbitrator's award or for damages for failing to comply with the award. The trial judge refused to enforce the award on the ground that it was unreasonable, inequitable, and shocking to the conscience of the court. We reverse that conclusion and order that the award be enforced in accordance with the lower court's alternative findings.

I.

In April of 1986, the Reverend and Mrs. Millsaps hired Robertson-Vaughn Construction Co., Inc. to construct a house in Monteagle. The cost-plus contract called for the new house to be connected to an existing house on the lot. As the work proceeded, the Millsaps became dissatisfied with the quality of the work and filed suit against the contractor for damages. Before the case came to trial, however, the parties agreed to submit the dispute to arbitration -- a decision that may set alternative dispute resolution back a generation.

The record is not clear about the details of the arbitration proceeding, but the arbitrator made his award on May 10, 1990. The award listed twelve specific items for the contractor to complete "at no further charge" to the owners. In addition, the award ordered the contractor to complete a three page, barely legible, handwritten "punch list" that had been prepared by the owner's former attorney. The remaining work was to be supervised by an architect hired by the owners, and the work was to be completed within thirty days of the hiring of the architect. The contractor took no action to modify or vacate the award.

The owner's architect issued a work order, and after a considerable delay, the contractor attempted to make some of the corrections. The work stretched into the next year, however, and the owners finally terminated the contractor's efforts and filed this action on the award.

The contractor filed a counter-claim, alleging that it had performed work not covered by the arbitration award and that the owners were responsible for the costs incurred in performing the work not covered by the award.

The Chancery Court of Marion County granted partial summary judgment to the owners. The court found that the parties were bound by the terms and conditions of the award because the time to appeal any part of the award had passed. The order left for a future hearing the questions of what part of the award had not been complied with, whether the defendant should be allowed to complete the remaining items, and, if not, what would be the reasonable cost of completion.

After a subsequent hearing, the trial judge filed a memorandum and order containing the following findings: that the arbitrator's award shocked the conscience of the court; that the award ordered the contractor to perform thousands of dollars worth of work for which the owners would otherwise have been liable on the cost-plus contract; that it was equally shocking that the contractor did not appeal the award; that the contractor had performed work not covered by the award for which the plaintiffs were liable; that the amount due the contractor was equal to or greater than the amount due the plaintiffs for the items left outstanding on the award.

The order contained two alternative judgments: The first simply dismissed the complaint because the owners did not prove that enforcement of the arbitrator's award would be equitable, given the uncompensated benefits already bestowed on them. The alternative order, to apply if an appellate court ordered the enforcement of the arbitrator's award, contained findings of the items in the award that had been completed and the items that remained unfinished. Finally, the trial judge entered a $2,844.00 judgment on the contractor's counterclaim.

**II.**

### a. Arbitration in General

With the passage of the Uniform Arbitration Act, Tenn. Code Ann. §§ 29-5-301--320, arbitration took on a new life in Tennessee. (*See Meirowsky v. Phipps*, 432 S.W.2d 885 (1968) for the status of arbitration under prior law.) "The act governs the scope of judicial review of arbitration awards." *International Talent Group, Inc. v. Copyright Management, Inc.*, 769 S.W.2d 217 at 218 (Tenn. App. 1988). Only in limited circumstances may the courts vacate, modify, or correct the award.[1] (See Tenn. Code Ann. § 29-5-313 on vacation and § 29-5-314 on modification or correction.) And these powers must be invoked in a timely manner; generally within ninety days of the date a copy of the award is delivered to the applicant. *Id.*

In this case the contractor did not ask the court to modify or correct the award, and to this date, has not asserted that any of the statutory reasons for modification or correction exist. Although we are puzzled, as the trial judge was, why the arbitrator ordered the contractor to perform several items of new construction at no cost to the owners, the time to correct that part of the order is past, and the court's ability to correct the award is severely limited. "As long as the arbitrator is, arguably, construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." *Arnold v. Morgan Keegan & Co., Inc.*, 914 S.W.2d 445 at 449 (Tenn. 1996). Therefore, we are of the opinion that the trial court was in error insofar as its order may be interpreted as a refusal to enforce the award because it was erroneous or because the court thought the award went too far.

### b. The Offset Findings

---

[1]Even under prior law a court of chancery had no jurisdiction to set aside an award except for fraud or mistake. *Graham v. Bates*, 45 S.W. 465 (Tenn. Ch. App. 1898).

The trial court's order contained a finding that the "value of the work and materials provided [by the contractor] and unpaid for is equal to or greater than any obligation owed to Plaintiffs by the Defendant." We think this is a significant finding, even though neither party chose to address it on appeal.

An action may be brought on an arbitrator's award as on an ordinary contract. *See* 4 Am. Jur. 2d *Alternative Dispute Resolution* § 218. It follows that the defendant in the action may plead set off or recoupment. *Howard v. Abernathy*, 751 S.W.2d 432 (Tenn. App. 1988); *Lowry v. Hawes*, 57 Tenn. 688 (1873). That is how we view the state of the pleadings at the time of the hearing below: the owners had sued for enforcement of the award or, in the alternative, a money judgment; the contractor denied owing anything on the award and filed a counterclaim for money due from the owners (1) as a result of the cost plus nature of the original contract and (2) the extra work performed that fell outside of the original contract. Having made the finding quoted above, the trial judge denied any recovery to the owners and entered judgment on the contractor's counterclaim.

That would ordinarily end the matter, since the appellants do not attack that finding on appeal. The contractor, however, does not rely on it either. On appeal, he insists that the original award should not be enforced because the agreement to arbitrate is not in the record. We think that contention comes much too late since the parties obviously agreed to arbitration, went through the process, and allowed the award to become final. The contractor, in the alternative, agrees to perform the work in the award that the trial judge found was yet incomplete. Therefore, we think the trial judge's alternative findings represent a just resolution of this controversy.

### III.

### The Alternative Finding

In the final order, the trial judge specifically found the items in the arbitrator's award that remained to be completed. On appeal, the contractor agrees to comply with the court's alternative order. We think that will bring this unfortunate case to an end. Although the owners protest that it is futile to give the contractor more time to complete the contract, the owners are not entirely blameless in the search for the reasons why it has taken more than ten years to end this controversy. The contractor will be given sixty days from the date the mandate issues from this court to complete the items listed as unfinished in the trial court's alternative judgment. In the event the contractor does not comply with the court's order -- if reasonably allowed to do so -- it will pay the owners the cost to comply. The judgment of $2,844.00 entered on the contractor's counterclaim is affirmed.

## IV.

The owners also appeal the trial judge's refusal to tax the costs of two discovery depositions to the contractor. The depositions were of the architect who was to oversee the completion of the arbitrator's award and of a contractor who was to testify about the costs to complete the award. The judge initially held that there was no proof that the owners had to pay the costs for the architect. When the owners sought a new trial on their motion, the judge specifically held that the depositions were not taken pursuant to Tenn. R. Civ. Proc. 26.02(4)(A)(ii) or (B).

The relevant portions of Rule 26.02 read as follows:

> (4) TRIAL PREPARATION: EXPERTS. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
>
> . . .
>
> (ii) A party may also depose any other party's expert witness expected to testify at trial.

- 6 -

(B) A party may not discover the identity of, facts known by, or opinions held by an expert who has been consulted by another party in anticipation of litigation or preparation for trial and who is not to be called as a witness at trial except as provided in Rule 35.02 or upon a showing that the party seeking discovery cannot obtain facts or opinions on the same subject by other means.

(C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (4)(A)(ii) and (4)(B) of this rule; and (ii) with respect to discovery obtained under sudivision (4)(A)(ii) of this rule the court may require, and with respect to discovery obtained under subdivision (4)(B) of this rule the court shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

Rule 26.02(4) allows a party to discover the opinions of an opposite party's expert witness (1) if the expert is expected to testify at trial or (2) if the expert is not expected to testify at trial, by requesting the report available under Rule 35.02 or by showing that the facts and opinions cannot be obtained by other means.

It is obvious that this case involves only an expert expected to testify at trial. Subdivision (C) of Rule 26.02(4) provides in that event that the court shall, unless manifest injustice would result, require the party seeking discovery to pay a reasonable fee to the expert for time spent in responding to discovery, and may require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred in obtaining facts and opinions from the expert.

The trial judge found as fact that the depositions were not taken pursuant to Rule 26.02(4)(A)(ii). With respect to the architect, we agree. The information sought from him was what had occurred and what remained to be done. In other words, the sort of information one would get from a fact witness, not an expert.

With respect to the other witness, who was to give an opinion on what it would cost to complete the work, we think the trial judge erred in holding that he did not come within the rule. We are, however, at a loss to discover from the record the charges that would be due to him for his time spent in responding to discovery or the costs the owners incurred in obtaining his opinion. Therefore, for a lack of relevant proof we affirm the trial judge's decision not to award any costs to the appellants.

The judgment of the trial court is reversed in part and modified to enforce the alternative disposition suggested in the order. In all other respects the judgment is affirmed and the cause is remanded to the Chancery Court of Marion County for further proceedings. Tax the costs on appeal equally to the appellants and the appellee.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
WILLIAM C. KOCH, JR., JUDGE