IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 29, 2007

## MBNA AMERICA BANK, N.A. v. CHARLES HENDRICKS

**Appeal from the Chancery Court for Cheatham County**
**No. 12143      Robert E. Burch, Judge**

---

**No. M2007-00583-COA-R3-CV - Filed February 14, 2008**

---

Bank filed suit to enforce an arbitration award for a debt owed by a former credit card holder. The trial court granted summary judgment against the debtor, who appeals based on alleged procedural improprieties. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR.,J., joined.

Charles M. Hendricks, Pleasant View, Tennessee, Pro Se.

Christine Bratten, Knoxville, Tennessee, for the appellee, MBNA America Bank, N.A.

### OPINION

This is a suit to enforce an arbitration award concerning a credit card debt. Charles Hendricks, the credit card holder, accumulated over $18,000.00 in debt on a MasterCard account issued by MBNA America Bank, N.A. ("MBNA") and failed to make monthly payments to keep the account current. In response to MBNA's attempts to obtain payment, Mr. Hendricks sent MBNA a check for $20.00 in September 2003 along with a "Contract of Novation" providing that MBNA's cashing of the check would constitute acceptance of the conditions of the contract of novation–namely that "any and all implied or actual contractual obligations and any and all alleged debt obligations" of Mr. Hendricks regarding the MasterCard account to MBNA were "herein discharged and fully satisfied." MBNA deposited the check.

The credit card agreement provided that disputes were to be submitted to arbitration by the National Arbitration Forum ("NAF"). MBNA filed a claim against Mr. Hendricks with the NAF for the credit card debt plus interest and attorney fees and costs. Mr. Hendricks received notice of the arbitration claim and submitted a notarized statement to the NAF in November 2003 in which he set out his position, including his assertion that the debt had been satisfied by the contract of novation.

Based upon the evidence submitted by both parties, the NAF issued an award in favor of MBNA for a total amount of $22,834.57 on December 31, 2003.

On June 2, 2004, MBNA filed a petition for confirmation of the arbitration award in the Chancery Court for Cheatham County. On July 2, 2004, Mr. Hendricks filed a Notice Affidavit in Response to Civil Complaint denying that there was any valid debt between him and MBNA based on the contract of novation. On October 6, 2004, Mr. Hendricks filed interrogatories, a request for production of documents, and a request for admissions as well as a motion to compel responses to the interrogatories and request for admissions. MBNA responded to the request for admissions.

After a motion by the court to dismiss for failure to prosecute on October 18, 2006, MBNA filed a motion for summary judgment with a supporting memorandum and list of undisputed facts. The plaintiff's list of undisputed facts includes the following:

1. That Defendant had an account with MBNA America Bank, N.A. and Defendant made extensive charges on the credit card account.
2. That the credit card terms provided for arbitration with National Arbitration Forum . . . as evidenced by Exhibit 1.
3. That Defendant defaulted on the agreement by not making monthly payments nor paying the balance due on the account.
4. That the National Arbitration Forum mailed a Notice of Arbitration to the Defendant as evidenced by Exhibit 2.
5. That Defendant participated in the arbitration proceeding by filing responses with the National Arbitration Forum as evidenced by Exhibit 3.
6. That an arbitration award was granted in favor of MBNA America Bank, N.A. December 31, 2003 as evidenced by Exhibit 4.
7. That Defendant received a copy of the arbitration award as evidenced by the letter attached as Exhibit 5 that he forwarded to the National Arbitration Forum on October 6, 2004.

On December 29, 2006, Mr. Hendricks filed an Answer to Summons and Complaint Jury Trial Demanded. On January 9, 2007, Mr. Hendricks filed an affidavit detailing telephone conversations between him and various MBNA employees in December 2006 and January 2007. The summary judgment motion was heard on January 11, 2007. The chancellor sustained MBNA's objection to Mr. Hendricks' affidavit on hearsay grounds; he granted MBNA's motion for summary judgment and awarded the bank judgment against Mr. Hendricks in the requested amount, $22,794.57. In its order dated February 16, 2007, the court noted that it had considered "Defendant's filed response to the Motion for Summary Judgment that did not specifically respond to Plaintiff's list of undisputed facts." Mr. Hendricks appealed and filed a Statement of Evidence.

On appeal, Mr. Hendricks challenges the trial court's decision to grant summary judgment based on a number of alleged improprieties, most of which are not developed in significant detail in his brief. Mr. Hendricks asserts that the trial court violated his constitutional and statutory rights "by not providing a fair trial, failing to provide a trial by jury as demanded by Charles Hendricks,

failing to provide Charles Hendricks a pro se litigant adequate time to prepare a proper defense, failing to allow Charles Hendricks the opportunity to discover, failing to allow Charles Hendricks the opportunity to directly question a fact competent witness from the Plaintiff and ruling that the first hand testimony of Charles Hendricks' Affidavit concerning material facts in the case filed previously with the Chancery Court was hearsay and not admissible."

## ANALYSIS

This case was resolved in the trial court upon summary judgment. Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Pub. Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). This court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50 (Tenn. 1997). We consider the evidence in the light most favorable to the non-moving party and resolve all inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). When reviewing the evidence, we must determine whether factual disputes exist. If a factual dispute exists, we must determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993); *Rutherford v. Polar Tank Trailer, Inc*., 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998). Pursuant to Tenn. R. Civ. P. 56.04, summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law."

Before proceeding to address the pertinent issues raised, we note that Mr. Hendricks is representing himself in this matter. We are, therefore, mindful of the principles set out by this court in *MBNA America Bank, N.A. v. Baker*, No. M2004-02239-COA-R3-CV, 2007 WL 3443600 at *3 (Tenn. Ct. App. November 15, 2007), including the following:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

In evaluating this case, we will give "due deference" to Mr. Hendricks' pro se status. *Id.* at *3.

### Right to Jury Trial

Mr. Hendricks argues that the trial court erred in denying him a trial by jury pursuant to Article I, Section 6 of the Tennessee Constitution. This argument is without merit.

The trial court decided this case under Tenn. R. Civ. P. 56, which allows the court to enter judgment where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. It has been held that the entry of summary judgment does not improperly deny the right to trial by jury where there are no genuine issues of material fact. *Union Planters Nat. Bank of Memphis v. Inman*, 588 S.W.2d 757, 760 (Tenn. Ct. App. 1979); *State v. Malady*, 952 S.W.2d 440, 443 (Tenn. Ct. App. 1996). Moreover, this is an action to enforce an arbitration decision. As set out below, the court's role in such proceedings is very limited, and there are no relevant factual issues for a jury to decide.

Summary Judgment

Mr. Hendricks objects to the trial court's granting of summary judgment on several grounds, none of which we find to have merit.

By using his MBNA credit card, Mr. Hendricks bound himself by the terms set forth in the credit card agreement, including the use of NAF arbitration. *See MBNA America, N.A. v. Darocha*, No. E2006-02000-COA-R3-CV, 2007 WL 2323399 (Tenn. Ct. App. August 15, 2007). Tenn. Code Ann. § 29-5-313(b), part of the Uniform Arbitration Act, provides that an application to vacate an arbitration award "shall be made within ninety (90) days after delivery of a copy of the award to the applicant," except where predicated on "corruption, fraud, or other undue means." It is undisputed that Mr. Hendricks received a copy of the arbitration award issued on December 31, 2003. There is no evidence that Mr. Hendricks made an application to vacate the arbitration award or objected to the award within 90 days of delivery of the award to him. Tenn. Code Ann. § 29-5-312 provides that "the court shall confirm an award, unless, within the time limits hereinafter imposed, grounds are urged for vacating or modifying or correcting the award . . . ."

Even if Mr. Hendricks had made a timely request to vacate or modify the arbitration award, a trial court's ability to correct an arbitration award is "severely limited" under the applicable provisions of the Uniform Arbitration Act, Tenn. Code Ann. §§ 29-5-313(a) and 29-5-314(a). *Millsaps v. Robertson-Vaughn Construction Co., Inc.*, 970 S.W.2d 477, 480 (Tenn. Ct. App. 1997). Thus, in *Arnold v. Morgan Keegan & Co., Inc.*, 914 S.W.2d 445, 449 (Tenn. 1996), the court stated: "As long as the arbitrator is, arguably, construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision."

Based upon the undisputed facts, the trial court properly granted MBNA's motion for summary judgment. The time for Mr. Hendricks to raise his objections to the underlying debt was during the arbitration process or by asking the court to vacate the arbitration award within 90 days of delivery to him pursuant to Tenn. Code Ann. § 29-5-313(b). Moreover, the trial court's ability to review arbitration awards is quite limited.

According to Mr. Hendricks' statement of evidence, the trial court sustained MBNA's hearsay objection to the affidavit he submitted in response to the bank's motion for summary judgment. The affidavit includes statements allegedly made by MBNA employees to Mr. Hendricks in telephone conversations, which fit the definition of hearsay found in Tenn. R. Evid. 801(c).[1] Therefore, we see no error in the court's hearsay ruling. Moreover, as stated by the trial court in its order, Mr. Hendricks' affidavit does not address itself to the bank's list of undisputed facts. Again, as discussed above, challenges to the arbitration award were to be made within 90 days of delivery of the award to Mr. Hendricks. The trial court was presented with no genuine issues of material fact and properly granted judgment as a matter of law.[2]

Discovery/Motion for Continuance

Mr. Hendricks' brief also includes cursory arguments that the trial court erred in not allowing him to obtain discovery and to interrogate witnesses and in denying his motion for a continuance at the summary judgment hearing. We find no merits to these arguments.

As discussed above, MBNA's action was to enforce an arbitration award, and the provisions of the Uniform Arbitration Act set out the rules regarding objecting to such an award. Mr. Hendricks failed to raise any objections within the statutory time frame. The time for seeking information or examining witnesses about the credit card debt had passed by the time MBNA filed its action in chancery court. Moreover, Mr. Hendricks' discovery requests were filed in October 2004, but he never filed a proper motion to compel MBNA's response to the requests for interrogatories and for production of documents.[3] Filing a motion to compel contemporaneously with the discovery requests is not proper under the Tennessee Rules of Civil Procedure. *See Connatser v. Connatser*, No. 03A01-9801-CV-00005, 1998 WL 340439 at *4 (Tenn. Ct. App. June 29, 1998). There is no indication in Mr. Hendricks' statement of the evidence that he requested that the trial court compel MBNA's discovery responses.

As to the trial court's denial of Mr. Hendricks' motion for continuance, "[a]n appellate court cannot interfere with the trial court's decision [on a motion for continuance] unless such decision constitutes an abuse of discretion and causes prejudice to the party seeking the stay or continuance." *Sanjines v. Ortwein & Assocs., P.C.*, 984 S.W.2d 907, 909 (Tenn. 1998). Mr. Hendricks has asserted no basis for finding that the trial court "applie[d] an incorrect legal standard or reache[d] a decision which is against logic or reasoning and which causes an injustice to the complaining party." *Doe*

---

[1] Rule 801(c) of the Tennessee Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

[2] We also note that, even if the point asserted in Mr. Hendricks' affidavit–that MBNA's debt had been sold to another entity–is assumed to be true, it appears to be irrelevant. The credit card agreement specifically provides that the arbitration provisions shall survive a number of eventualities, including "sale of the debt by us [MBNA]."

[3] The record shows that MBNA answered Mr. Hendricks' request for admissions.

*1 ex rel. Doe 1 v. Roman  Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005).  We find no abuse of discretion here.

The trial court's grant of summary judgment is affirmed.

Costs of appeal are assessed against the appellant, for which execution may issue of necessary.


                _____

                ANDY D. BENNETT, JUDGE