IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 21, 2009 Session

## PUGH'S LAWN LANDSCAPE COMPANY, INC. v. JAYCON DEVELOPMENT CORPORATION

**Direct Appeal from the Circuit Court for Shelby County**

**No. CT 001228-06     D'Army Bailey, Judge**

_____

**No. W2008-01366-COA-R3-CV - Filed April 23, 2009**

_____

This is an appeal of the trial court's order confirming an arbitration award entered in favor of Appellee. The arbitration agreement entered between Appellant and Appellee permitted either party to appeal the arbitrator's decision directly to this Court. The agreement specified that this Court would conduct a de novo review of the arbitrator's decision as if it had been reached by the trial court. We find that Tennessee's arbitration statutes do not permit the parties to expand the scope of judicial review. Accordingly, we apply the standard of review specified in the statute and affirm the trial court's order confirming the arbitration award.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Stuart B. Breakstone, Kathy Baker Tennison, Memphis, TN for the Appellant, Pugh's Lawn Landscape Company, Inc.

Stephen F. Libby, Memphis, TN for the Appellee, Jaycon Development Corporation

**OPINION**

Background

This appeal arises from an order of the trial court confirming an arbitration award in favor of Appellee Jaycon Development Corporation. This action was initiated by Appellant Pugh's Lawn Landscape Company, Inc. in Shelby County Circuit Court on March 8, 2006. Appellant's complaint alleged that Appellee breached a written contract between Appellant and Appellee. In its answer, Appellee asserted a counterclaim against Appellant, also for breach of the contract.

After conducting limited discovery, the parties agreed to submit the matter to arbitration. The contract did not require the parties to submit disputes to binding arbitration. It did, however, specify that all disputes would be governed by Tennessee law and that any litigation or arbitration must be prosecuted in Shelby County, Tennessee. Because the contract was otherwise silent on this issue, the terms of the arbitration were set forth in the trial court's Order of Reference to Arbitration and Reservation of Appellate Rights, which was entered by consent of the parties on May 15, 2007. This Order established the terms of the parties' agreement to arbitrate:

1. This matter is referred to arbitration.
2. Pursuant to agreement by the parties, William Jeter shall act as arbitrator for all issues in dispute, including but not limited to procedural and evidentiary disputes.
3. The arbitration shall be set for May 22, 2007 at the offices of William Jeter.
4. The parties agree that a) any and all findings, rulings or judgments issued by the arbitrator shall be appealable, using the same standards of review, as if the finding, ruling or judgment in question was issued by [the Circuit Court]; b) that the agreement that the arbitrator's ruling is appealable was material consideration for the agreement of each party to submit this matter to arbitration; c) each party agrees that if this matter is appealed, neither party will raise an issue on appeal that the arbitrator's ruling is not appealable, that an "arbitrary and capricious" standard of review is applicable due to the appeal arising out of an arbitration, or any other issues relating to the fact that the findings of facts and conclusions of law were reached by an arbitrator, as opposed to a Judge of Circuit Court.

With this agreement in place, the matter was heard by William Jeter, serving as arbitrator, over two days in May 2007.

At the beginning of the arbitration hearing, Mr. Jeter described his role as arbitrator and the purpose of the arbitration. Mr. Jeter explained his function as follows: "My job here today is to do the same thing as a judge. I understand this case was set for trial recently and because of the length of time that might be involved in the matter, I've been asked to do the same thing a judge would do." He then stated that he would render a written decision after hearing the evidence. Mr. Jeter did not address the possibility of appealing his decision or whether his decision was binding.

After hearing the evidence and reviewing the parties' contract, the arbitrator issued a written decision on December 11, 2007. In that decision, the arbitrator found that Appellee should recover from Appellant the sum of $51,082.20, plus reasonable attorney fees, the costs of the arbitration, and court costs. The arbitrator issued a second decision on January 3, 2008 setting the amount of Appellee's attorney fees and the costs of the arbitration.

On January 4, 2008, Appellee filed a motion asking the Circuit Court to confirm the arbitrator's award. Appellant did not file a response to this motion or a motion asking the trial court to vacate or modify the arbitrator's award. On January 18, 2008, the trial court entered an order, which confirmed the arbitrator's award and entered a judgment in favor of Appellee.

On February 13, 2008, Appellant filed this appeal. Because the arbitration agreement permitted either party to seek a *de novo* appeal, Appellant asks this Court to review the arbitrator's initial decision rather than the trial court's final order. Accordingly, Appellant raised the following issues, as stated in its brief:

1. Whether the arbitrator erred in interpreting the contract when he failed to construe the documents collectively giving effect to the intent to the parties with a reasonable interpretation rather than nullifying certain provisions of the agreement?

2. Whether the arbitrator erred in finding that [Appellee] breached the contract when [Appellant] first terminated and breached the contract?

3. Whether the arbitrator erred in finding that the parties had a "meeting of the minds" when conflicting material terms existed regarding the scope of work to be performed and whether the arbitrator therefore erred in denying damages to [Appellant] for *quantum meruit*?

4. Whether the arbitrator erred in failing to find that Appellee breached the covenant of good faith and fair dealing?

5. Alternatively, whether the arbitrator erred in determining the amount of damages awarded to Appellant?

In response, Appellee raises two additional issues, as stated in its brief:

1. Whether Appellee should be awarded its attorney's fees on appeal where both the Contract and case law support the award of same.

2. Whether Appellee should be awarded the full amount of the damages it prayed for at the arbitration, given that Appellant was found to have been in material breach of the Contract and Appellant offered uncontested proof regarding the reasonableness and necessity of its clean up damages.

At oral argument, this Court questioned whether the parties could modify the judicial standard of review of an arbitrator's decision. To develop this issue further, the parties filed supplemental briefs on two additional issues:

1. Whether the parties can modify by agreement the trial court's role and responsibility in addressing the motion to confirm the arbitrator's award?

2. Whether the parties can modify by agreement the appellate court's role and responsibility in reviewing the trial court's order confirming the arbitrator's award?

Law and Analysis

We will first address the trial and appellate court's role in reviewing an arbitrator's award. The arbitration agreement, as set forth in the Order of Reference to Arbitration, does not specify a statute or procedure to govern the arbitration. Instead, the parties attempted to substitute the decision of an arbitrator for an order of the trial court. Appellant asserts that this procedure was proper

-3-

because the "the parties themselves may agree on virtually any mutually satisfactory procedure that is not illegal or contrary to public policy." **Team Design v. Gottlieb**, 104 S.W.3d 512, 517 (Tenn. Ct. App. 2002). However, "[t]he parties' ability to manipulate the contours of the procedure to resolve their disputes narrows considerably once they submit their dispute to the courts for resolution." *Id*. at 518. Here, the parties clearly asked for judicial resolution of this dispute; first, Appellee asked the trial court to confirm the arbitrator's award, and second, Appellant asked this Court to conduct a *de novo* review of the arbitrator's legal and factual findings. In doing so, the parties gave up some of their freedom to reach a private agreement in exchange for judicial assistance.

In Tennessee, parties have several options for alternative dispute resolution: negotiation, mediation, non-binding arbitration, or arbitration. **See generally**, Thomas R. McCoy, *The Sophisticated Consumer's Guide to Alternative Dispute Resolution Techniques: What You Should Expect (Or Demand) from ADR Services*, 26 U. Mem. L. Rev. 975 (1996). Appellant contends that the method chosen by the parties in this case was not binding arbitration. We disagree. The parties did not seek mediation or non-binding arbitration as contemplated by Tenn. S.Ct. R. 31. Instead, the parties wanted both binding arbitration and expanded appellate review. The provision for expanded appellate review does not make the arbitration any less binding. See **Dick v. Dick**, 534 N.W.2d 185, 187-88 (Mich. Ct. App. 1995) (finding that a factually similar agreement was one for binding arbitration). Therefore, we must determine which statute governs this particular arbitration.

Both parties are Tennessee corporations and this dispute involved matters occurring solely in Tennessee. Additionally, the initial contract between the parties required any disputes (including arbitration) to be heard by Tennessee courts under Tennessee law. Therefore, we will look to Tennessee's version of the Uniform Arbitration Act ("UAA"), Tenn. Code Ann. §§ 29-5-301–320 (2000).

Under the statute, a party may ask a trial court to confirm, vacate or modify an arbitrator's award. Upon request of a party, the trial court must vacate an arbitrator's award under the following circumstances:

(1) The award was procured by corruption, fraud or other undue means;
(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
(3) The arbitrators exceeded their powers;
(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 29-5-306, as to prejudice substantially the rights of a party; or
(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under § 29-5-303 and the party did not participate in the arbitration hearing without raising the objection.

Tenn. Code Ann. § 29-5-313(a)(1)-(5). Upon application, the trial court shall modify or correct the arbitrator's award where:

> (1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
> (2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
> (3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

Tenn. Code Ann. § 29-5-314(a)(1)-(3). If the application under either statute is denied, the trial court must confirm the award. Tenn. Code Ann. §§ 29-5-313(d), 29-5-314(b). If neither party makes a timely application to vacate or modify the award, the trial court may not refuse "to enforce the award on the grounds that it was erroneous or went too far. *Millsaps v. Robertson-Vaughn Const. Co., Inc.*, 970 S.W.2d 477, 480 (Tenn. Ct. App. 1997).

In the present case, Appellee asked the trial court to confirm the arbitrator's award. Because Appellant did not suggest grounds for vacating or modifying the award, the trial court, as required by Tenn. Code Ann. § 29-5-312, properly confirmed the award. Presumably, Appellant did not challenge the award because it planned to do so in this Court. The question then is whether the parties could agree to modify the statute setting forth the standard by which courts review arbitration awards.

This issue exposes a tension between two aspects of arbitration. On the one hand, an arbitration agreement is a contract, and parties to a contract are generally free to set the terms of their agreement. *See* Tenn. Code Ann. § 29-5-302(a); *Rosenberg v. BlueCross, BlueShield of Tenn., Inc.*, 219 S.W.3d 892, 903 (Tenn. Ct. App. 2006). On the other hand, allowing parties to expand the standard of judicial review could potentially harm the finality and efficiency that arbitration provides. As explained by the Tennessee Supreme Court:

> The reason for attaching such a high degree of conclusiveness to an award made by arbitrators is that the parties have, themselves, by agreement, substituted a tribunal of their own choosing for the one provided and established by law, to the end that they may avoid the expense usually incurred by litigation and bring the cause to a speedy and final determination. To permit a dissatisfied party to set aside the arbitration award and to invoke the Court's judgment upon the merits of the cause would render arbitration merely a step in the settlement of the dispute, instead of its final determination.

*Arnold v. Morgan Keegan & Co., Inc.*, 914 S.W.2d 445, 452 (Tenn. 1996). Therefore, judicial review of an arbitrator's decision is "statutorily limited, and any judicial review must be conducted

within those limits." *Id*. at 450. The Court, in *Arnold*, did not need to address whether the parties themselves could request expanded judicial review of an arbitrator's award.

Although *Arnold* provides significant guidance, we have not found any Tennessee decisions directly addressing this issue. The United States Supreme Court, in *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, __U.S.__, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008), recently addressed this issue in the context of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*. In *Hall Street*, the parties' arbitration agreement required the District Court to vacate, modify, or correct any award if the arbitrator's conclusions of law were erroneous. *Id*. at 1400-01. After the plaintiff challenged the arbitrator's decision, the District Court applied the standard of review specified by the agreement, vacated the award, and remanded for further consideration by the arbitrator. *Id*. at 1401. The Court disagreed, holding that sections 10 and 11 of the FAA are the exclusive grounds for vacating or modifying an arbitration award. *Id*. at 1406. The Court based its decision on the language of the statute and a "national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Id*. at 1405. This decision resolved a split among the Courts of Appeals, but it did not address the scope of judicial review potentially available under state law. *Id*. at 1407.

Several state courts have also addressed this issue in the context of the UAA.[1] Interpreting its version of the UAA, the North Dakota Supreme Court found that "[w]hen parties to an arbitration agreement seek judicial review of an award, a court may vacate or modify an award only if one of the grounds set forth in [the statutes] is present, regardless of what the arbitration agreement may specify." *John T. Jones Const. Co. v. City of Grand Forks*, 665 N.W.2d 698, 704 (N.D. 2003). *See also*, *Dick v. Dick*, 534 N.W.2d 185, 191 (Mich. Ct. App. 1995) (holding that the statutory grounds are the exclusive avenues for a court to vacate or modify an arbitrator's award). The California Supreme Court, however, recently overruled its own precedent and permitted parties to agree to the expanded judicial review of an arbitrator's decision. *Cable Connection, Inc. v. DIRECTV, Inc.*, 190 P.3d 586 (Cal. 2008). The Court rejected the reasoning of *Hall Street* and found that "[i]ncorporating traditional judicial review by express agreement preserves the utility of arbitration as a way to obtain expert factual determinations without delay, while allowing the parties to protect themselves from perhaps the weakest aspect of the arbitral process, its handling of disputed rules of law." *Id*. at 606.

Having examined these state and federal decisions, we find that a Tennessee court may vacate or modify an arbitration award only under the grounds provided in Tenn. Code Ann. § 29-5-313 and Tenn. Code Ann. § 29-5-314. The Tennessee Supreme Court's language in *Arnold* strongly indicates that judicial review of arbitration awards is statutorily limited. In doing so, Arnold expressed a policy favoring the finality of arbitration despite the potential for legal errors. Therefore, we find that the arbitration agreement between Appellant and Appellee improperly expanded the

---

[1] Under Tenn. Code Ann. § 29-5-320, we are required to construe the arbitration statutes so as to conform with the laws of the other states which have adopted the UAA. *See Buraczynski v. Eyring*, 919 S.W.2d 314, 318 (Tenn. 1996); *T.R. Mills Contractors, Inc. v. WHR Enters., LLC*, 93 S.W.3d 861, 868-69 (Tenn. Ct. App. 2002).

scope of judicial review. We may vacate or modify the arbitrator's award only as permitted by the statutes.

Applying the statutes to the present case, we find that Appellant did not ask the trial court to vacate or modify the arbitration award. Furthermore, Appellee did not ask the trial court to modify the award. Likewise, neither party has asserted on appeal that any of the statutory grounds for modification exist. Accordingly, we do not have the authority to vacate or modify the arbitrator's award as requested by the parties. *See Millsaps*, 970 S.W.2d at 480. Similarly, in *Grand Forks*, the Court found that the UAA does not allow an appellate court to review an arbitration award that has not been subject to review in the trial court. *Grand Forks*, 665 N.W.2d at 705. Therefore, we have no option under the statute other than to affirm the trial court's order confirming the arbitration award.

Finally, we address Appellee's request for attorney's fees incurred on appeal. The contract between these parties requires Appellant to pay the costs and expenses, including reasonable attorney's fees, incurred by Appellee in enforcing the agreement. A contract that generally allows for the recovery of "attorney fees and costs of collection" includes attorney's fees on appeal. *Brunswick Acceptance Co., LLC, v. MEJ, LLC*, No. E2007-01819-COA-R3-CV, 2008 WL 4648350, at *8 (Tenn. Ct. App. Oct. 21, 2008). Accordingly, Appellee is entitled to reasonable attorney's fees incurred on appeal, and we remand to the trial court for a determination of the proper amount.

For the foregoing reasons, the judgment of the trial court is affirmed, and this case is remanded to the trial court for a determination of attorney's fees on appeal. Costs of this appeal are assessed to Appellant Pugh's Lawn Landscape Company, Inc.

_____

J. STEVEN STAFFORD, J.